MORFI ET AL, PLAINTIFFS AND APPELLANTS, *v.* FAJARDO DEVELOPMENT COMPANY ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Humacao in an action of denial of a servitude and other matters.

MOTION of respondent for the dismissal of the appeal.

No. 1074.—Decided December 23, 1913.

APPEAL—STATEMENT OF CASE—FINAL APPROVAL—TRANSCRIPT OF RECORD.—The final approval of the statement of the case which must serve as a basis for the computation of the time for filing the transcript of the record in the Supreme Court, in accordance with section 299 of the Code of Civil Procedure as amended by Act No. 70 of March 9, 1911, and former jurisprudence of this court, is the approval by the judge after all the corrections and amendments admitted by the court had been entered and the certificate of approval of the trial judge attached, and not the allowance by the court of the amendments proposed by one of the parties.

The facts are stated in the opinion.

*Messrs. Aponte & Aponte* for appellants.

*Messrs. Armstrong & Keith* and *Louis Muñoz Morales* for respondents.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On December 5, 1913, the attorney for The Fajardo Development Company *et al.,* defendant-respondents, filed a motion in this court for the dismissal of the appeal taken on December 5, 1912, by the plaintiffs, Joaquín Germán Morfi *et al.,* from the judgment rendered by the District Court of Humacao in an action of denial of a servitude and other matters, alleging as a ground for the petition that by an order of June 7, 1913, the statement of the case, together with the amendments offered, had been approved by the judge of the said District Court of Humacao and that up to the date of the motion the transcript of the record necessary for the prosecution of the appeal had not been filed in the office of the secretary of this court.

The said motion was accompanied by a certificate of the secretary of the District Court of Humacao establishing the facts on which the said motion is based.

In opposition to the motion the plaintiff-appellants allege and prove by a certificate of the secretary of the District Court of Humacao that after the statement of the case had been duly filed in that court the respondents offered several amendments thereto which the said court allowed by its ruling of June 7, 1913, but that the new statement of the case, with the amendments allowed, was not presented until December 3, 1913, on which date the judge approved the same so that it might be used for the purposes of the appeal.

The transcript of the record was filed in the office of the secretary of this court on the same date on which the objections to the motion were filed, that is, on December 15, on which date the motion was heard.

As may be seen, the legal point to be considered and decided in the present case is whether the order of June 7, 1913, approving the statement of the case, with the amendments offered thereto, should be regarded as an actual judicial approval of the statement of the case, or whether, on the contrary, the real lawful approval is that which the judge imparted to the said statement on December 3.

We are of the opinion that the question is decided by section 299 of the Code of Civil Procedure as amended by Act No. 70 approved March 9, 1911.

Among other things the said section provides that after the appearance of the parties for the approval of the statement of the case, the court, taking into consideration the statements made by said parties and the result of the controversy, shall enter on the above-mentioned statement such correction as he may deem advisable, and shall approve the same. Upon this approval, the judge shall certify at the foot of said statement the contents thereof, as approved by him, and it shall form part of the judgment roll. The record of the appeal shall be filed in the office of the secretary of the Supreme Court

within the next 30 days following that on which the bill of exceptions and summary of the case were approved.

As will be seen, before its approval *the judge shall enter on the statement such corrections as he may deem advisable, after taking into consideration the statements made by the parties and the result of the controversy,* but in the present case the amendments proposed by the respondents, although allowed by the court, *were not entered on the statement* until December 3, on which date the judge approved the statement of the case in the following terms:

"I, J. A. López Acosta, Judge of the District Court for the Judicial · District of Guayama, Porto Rico, certify: That I was the judge who presided at the hearing and rendered judgment in the case at bar; that the foregoing is a faithful and complete statement of all the proceedings had in this case and contains all the evidence introduced therein; and in order that it may have full effect as such statement of the case in the appeal taken to the Supreme Court of Porto Rico by the plaintiffs, I approve and sign the same in Guayama for Humacao, P. R., this third day of December, 1913. (Signed) J. A. López Acosta, District Judge. Attest: (sd.) Jesús L. Pereyó, Secretary."

Before the amendment of section 299 of the Code of Civil Procedure we held, in deciding the case of *López* v. *The American Railroad Company of Porto Rico,* 11 P. R. R., 148, that when the amendments to the bill of exceptions are definitely settled the bill should be redrawn with the amendments incorporated into it so as to make a perfect bill which can be approved by the court, and that doctrine is applicable to the statement of the case. In the case of *Feliú* v. *Narváez,* 12 P. R. R., 131, we said:

"The district court approved the statement of facts and the statement of the case by a resolution on the 27th of September, 1906. This is not a proper practice. These documents, like bills of exception, should, when approved, be signed officially by the trial judge."

Whether applying section 299 of the Code of Civil Procedure as amended by the Act of March 9, 1911, or consider-

ing the doctrine previously laid down by this court, which is not contradicted but affirmed by the said section, the ruling of the District Court of Humacao of June 7, 1913, does not constitute an approval of the statement of the case in the form of a certificate and in such terms as that it may serve as a basis for establishing the probatory elements of the trial. The real approval is that appearing in the certificate of December 3, 1913, hereinbefore quoted, and that, therefore, is the date, and not June 7, from which the time for the filing of the record must be computed; hence the record was filed in the office of the secretary of this court within the time fixed by law.

The attorneys for The Fajardo Development Company cannot impute negligence or abandonment to the appellants in prosecuting the appeal, for if the appellants themselves did not file a new statement of the case containing the amendments made by the judge, the respondents could have compelled the appellants to file the same by moving the court to fix a time therefor, or the judge himself could have completed the statement by adding the approved amendments, or even the respondents might have presented the statement duly amended for the approval of the court.

For the foregoing reasons the motion of the defendant-respondents should be overruled.

*Motion overruled.*

Justices Wolf, del Toro and Aldrey concurred.
Mr. Justice MacLeary took no part in this decision.